98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francesco Agende MARIRIO, Plaintiff-Appellant,
v.
PATENT COMMISSIONERS and Bradford R. Huther, Defendants-Appellees.
 No. 96-1247.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1996.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Francesco Agende Maririo appeals from the final decision of the United States District Court for the District of Columbia, which was issued September 5, 1995. The district court dismissed his complaint because he failed to comply with Fed.R.Civ.P. 4(m) (time limit for service) and Fed.R.Civ.P. 8(a) (failure to state a claim for relief). We agree with the decision of the district court. However, appellant failed to file his appeal from the final decision of that court within the sixty (60) day period required by Fed. R.App. P. 4(a). For that reason, we conclude that his appeal must be dismissed for lack of jurisdiction.
 
 DISCUSSION
 
 2
 The record before the district court shows that the appellant failed to comply with the provisions of Fed.R.Civ.P. 4(m) and 8(a). We are in full agreement with the government's contention that the district court did not abuse its discretion in dismissing appellant's complaint without prejudice. See L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527, 1530 (Fed.Cir.1995).
 
 
 3
 However, no further discussion of the decision of the district court is required because appellant failed to file his appeal to this court within the time required by Fed. R.App. P. 4(a). The order of the district court was entered September 5, 1995. The notice of appeal was due November 6, 1995. On January 3, 1996, appellant filed a "Motion to reinstate the Civil action" in the Court of Appeals for the Fourth Circuit. Even if this document should be considered as a proper notice of appeal, it was clearly untimely. The first paper filed by the appellant, which was entitled "Notice of Appeal", was filed in the district court on February 21, 1996. It was also untimely. The time limit provided by Fed. R.App. P. 4(a) for filing a notice of appeal in a civil case is both mandatory and jurisdictional. Maxus Energy Corp. v. United States, 31 F.3d 1135, 1139 n. 9 (Fed.Cir.1994). Accordingly, the appeal is dismissed for lack of jurisdiction.